# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEIHARIK GARCIA,** individually and on behalf of all others similarly situated, | Case No. 24-4823 |
| *Plaintiff*, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| **STAR POWER MARKETING GROUP, LLC,** | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Weiharik Garcia ("Plaintiff" or "Ms. Garcia") brings this Class Action Complaint and Demand for Jury Trial against Defendant Star Power Marketing Group, LLC ("Defendant" or "Star Power") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Star Power violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**PARTIES**

4. Plaintiff Weiharik Garcia is an individual residing in the Eastern District of Pennsylvania.

5. Defendant Star Power Marketing Group, LLC is a Pennsylvania LLC with its headquarters and principal place of business in Glenside, PA.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general personal jurisdiction over Defendant it is headquartered and has its principal place of business in Pennsylvania.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## BACKGROUND

**A.    The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated text messages at issue.

15. Plaintiff's telephone number, (484) XXX-XXXX, is a residential, non-commercial telephone number.

16. Ms. Garcia uses the number for personal, residential, and household reasons.

17. Ms. Garcia does not use the number for business reasons or business use.

18. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since she listed it there more than 31 days prior to the text messages at issue.

20. Plaintiff has never been a customer of Star Power and never consented to receive calls or text messages from Star Power.

21. Despite that fact, throughout June to August of 2024, the Plaintiff received at least five text messages from Star Power soliciting her to attend events marketed by, operated by, or sponsored by, Star Power.

22. These text messages came from the caller IDs 877-596-1970 and 267-435-7457.

23. For example, on June 27, 2024, the Plaintiff received a text message advertising a concert from the 877-596-1970 number: "This Wknd! NFLTakeover // Celebrity Softball Game AfterParty + Chris Brown 1:11 Tour Concert AfterHours Experience at Playroom *RSVP slktxt.io/10baz/837613526"

24. Following the link in the text leads to an event listing page for the PlayRoom in Philadelphia, an event venue. The website states that it is "Powered BY STAR POWER MKT:"

© 2022 C5 HOSPITALITY
Powered BY STAR POWER MKT

25. As another example, on August 19, 2024, the Plaintiff received a text message advertising a day party from the 267-435-7457 number: "`Sunday Don't miss The RETOX Day Party at Liberty Point on the Waterfront! Join our Limited VIP Guest List. RSVP NOW- https://retoxdayparty.eventbrite.com/?aff=2.`"

26. Following the link in that text message leads to an EventBrite listing for a "Retox" day party by the Defendant:



27. Prior to filing this suit, counsel for Plaintiff reached out to the Defendant to ascertain whether the Defendant possessed consent to contact the Plaintiff. The Defendant responded confirming that it would remove the Plaintiff's number from its list, but did not deny that it lacked consent.

28. All the calls and text messages were sent to attempt to sell the Plaintiff various events organized or marketed by the Defendant.

29. Upon information and belief, the Defendant is not registered as a telemarketer with the Pennsylvania Attorney General.

30. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

31. The calls were unwanted.

32. The calls were nonconsensual encounters.

33. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

34. Plaintiff never provided her consent or requested the calls.

35. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Star Power's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Pennsylvania Telemarketer Registration Act Class**: All persons in the Commonwealth of Pennsylvania who (1) received a telephone call from or on behalf of Defendant, (2) at any time during which Defendant was acting as a "telemarketer" but not licensed as a "telemarketer" with the Pennsylvania Office of Attorney General, (3) at any time in the period that begins two years before the date of filing this Complaint to trial.

38. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and

6

individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

39. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

40. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

 a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

 b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

 c. whether Defendant was a "telemarketer" conducting "telephone solicitations" to members of the Pennsylvania Telemarketer Registration Act class without the required registration; and

 d. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

42. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

43. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

    d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

44. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

45. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

46. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

47. These violations were willful or knowing.

48. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

49. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Pennsylvania Telemarketer Registration Act
### Violations of 73 PA. CONS. STAT § 2243
### (On Behalf of Plaintiff and the Pennsylvania Telemarketer Registration Act Class)

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act, § 2243, by making "telephone solicitation call" as a "telemarketer", to Plaintiff and members of the Pennsylvania Telemarketer Registration Act class despite not registering with the Office of Attorney General at least thirty days prior to the calls at issue.

52. Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Pennsylvania Telemarketer Registration Act, § 2243, Plaintiff and members of the Pennsylvania Telemarketer Registration Act Class are presumptively entitled to their statutory damages of up to $300 for each violation under 73 PA. CONS. STAT. § 201-9.2(a), plus all reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, and Pennsylvania Telemarketer Registration Act Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the PTRA Class as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Classes;

E. Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

F. Damages to Plaintiff and members of the PTRA Class pursuant to the PTRA and

UTP/CPL.

G.      Injunctive relief for the Classes, pursuant to 47 U.S.C. § 227(c)(5), the PTRA, and UTP/CPL, preventing the Defendant from making calls without registration or to numbers listed on the National Do Not Call Registry;

H.      Attorneys' fees and costs, as permitted by law; and

I.      Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 12th day of September, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com