## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEIHARIK GARCIA,** | : | |
| **Plaintiff,** | : | **Civil Action No.** 24-4823 |
| **v.** | : | |
| | : | |
| **STAR POWER MARKETING GROUP LLC** | : | |
| **Defendant** | | |

## DEFENDANT'S MOTION IN SUPPORT OF MOTION TO VACATE DEFAULT

Defendant STAR POWER MARKETING GROUP LLC (hereinafter, referred to as "Defendant or Starpower") submits their Motion to Vacate Default..

1. Plaintiffs seeks to vacate the Default entered in this matter on October 10, 2024.

2. Plaintiffs served Defendants at an old address on September 13, 2024 with a copy of the Summons and Complaint in this matter, and filed Affidavits of Service on October 4, 2024.

3. ON September 7, 2024 Defendant Starpower had received correspondence from Plaintiff's counsel, via email alerting Defendant to Plaintiff's issue with being on the text list. The letter only threatened suit if there was no response. On September 11, 2024, In response to the letter Defendant manually opted Plaintiff out of the list and communicated the same to Plaintiff's Counsel. A True and correct copy of the letter and email exchange between Plaintiff's counsel and Defendant is attached as Exhibit "A".

4. After confirming that Plaintiff had been removed from the database, Plaintiff made no further requests, but filed suit the next day on September 12 2024, in part contributing to the confusion and delay in Defendant's understanding of the commencement of litigation. Plaintiff' counsel's "olive branch" strategy was in fact deceptive in nature as the letter states on page 2:

"That being said, and in the interest of avoiding unnecessary litigation, we write to understand what prompted the text messages to my client and ascertain any applicable defenses you may have to my client's allegations. Please consider this offer swiftly and carefully, as we will await and consider your response no later than September 21, 2024, before initiating further legal action."

5. Defendants have since retained the undersigned counsel for representation in this matter and seeks to vacate the default entered and filed the proposed answer to Plaintiffs' Complaint, as attached herein as Exhibit B.

**WHEREFORE,** Defendants respectfully requests this Honorable Court enter an Order vacating the Default entered in this matter on October 10, 20234.

**Respectfully submitted,**

**DEAN F. OWENS II,  ESQUIRE**

*Attorney for Defendant*

### CERTIFICATE OF SERVICE

I, Dean Owens, Esq hereby certify that I caused a true and correct copy of the foregoing

Defendants' Motion to Vacate Default to be filed with the Clerk via the ECF system on

December 31, 2024. The document is available for reviewing and downloading on the ECF

system. I further certify that I served a true and correct copy of the foregoing via email to

counsel for Plaintiffs as follows:

> Andrew R. Perrong, Esquire
> PERRONG LAW LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038

**DEAN F. OWENS II,  ESQUIRE**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEIHARIK GARCIA,** | : | |
| **Plaintiff,** | : | **Civil Action No.** 24-4823 |
| **v.** | : | |
| | : | |
| **STAR POWER MARKETING GROUP LLC** | : | |
| **Defendants** | | |

## DEFENDANTS' MEMORANDUM SUPPORTING  THEIR MOTION TO VACATE DEFAULT

Defendants **STAR POWER MARKETING GROUP LLC**, (hereinafter Starpower) submits their Memorandum in Support of their Motion to Vacate Default. Defendants Motion to Vacate Default should be granted because  (1) Plaintiffs are not prejudiced; (2) Defendants have a meritorious defense; and (3) Defendants conduct was not culpable in the resulting delay;

## PRELIMINARY STATEMENT & PROCEDURAL HISTORY

Plaintiffs filed their Civil Action Complaint in this matter, on September 12, 2024, alleging Restrictions of Use of Telephone Equipment against Defendant, related to text messages being received by Plaintiff who possessed a cell phone number registered on the Do Not Call list. *See* Plaintiffs' Complaint ECF Doc. No. 1).

Plaintiffs served Defendant at an old address on September 13, 2024 with a copy of the Summons and Complaint in this matter and following the same filed an Affidavits of Service.  In fact the address upon which service was made was the former home address of member/manager,  Rashad Atkinson,  and the current address of his mother, whom has no affiliation with the business. At all times material hereto, Starpower's principal place of business was a bar/restaurant named playroom which is in fact referenced in the texts noted in Plaintiff's

complaint.  Nonetheless on October 9, 2024 Plaintiff filed a request for default on October 9, 2024 and Default was entered on October 10, 2024.  Mrs. Atkinson, subject of the service, who is an elderly woman just recently shared with Rashad Atkinson, who lives elsewhere, mail that had come for his company over holidays, which only then alerted the company to present case. Following this discovery Starpower retained counsel and in furtherance of filing the within pleadings.  Most recently, on November 11, 2024 Plaintiff filed a discovery motion, yet to be ruled upon, and as such, vacating the default judgement would not prejudice Plaintiff who is at the same time seeking Defendant participation in discovery.

## I.    VACATING A DEFAULT JUDGMENT STANDARD

A decision to set aside the entry of default is left primarily to the discretion of the District Court. *Bailey v. United Airlines,* 279 F.3d 194, 204 (3d Cir.2002); see also *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192 (3d Cir.1984).  However, in a close case, doubts should be resolved in favor of setting aside the default and reaching a decision on the merits, *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982), as the Third Circuit "does not favor entry of default or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194-195.

Three factors should be evaluated when considering a motion to set aside a default under *Fed. R. Civ. P.* 55(c) and 60 (b): first, whether the plaintiff will be prejudiced; second, whether the defendant has a meritorious defense; and third, whether culpable conduct of the defendant led to the default. *Gold Kist*, 756 F.2d at 19; *Hritz v. Woma Corp.,*732 F.2d 1178, 1181 (3d. Cir.1984).

Here, Defendants seek to vacate the default entered by the Clerk on October 10, 2024, as Plaintiff would not be prejudiced by vacating a default in a fairly new case in the midst of

discovery. Defendant has a meritorious defense in that the cell phone at issue had been opted in to the Starpower text circular.  Not only was Plaintiff's number added voluntarily by herself or someone with access to the phone, but the process to be removed,  would simply have been to opt out of the text chain/circular, which is an opportunity presented anytime a marketing text is received. To that end, Thomas Deshazior, an owner/member of Starpower, has provided an affidavit explaining the process by which a number is added and removed accompanied by an image depicting an opt out. (A Ture and correct copy of the affidavit is attached an Exhibit C) To be clear, at no point in Plaintiff's complaint is there an allegation that calls were made and Plaintiff has only offered proofs of somewhere between 3-5 texts messages during a three month period from July of 2024 to September of 2024 when Plaintiff's name was removed.   Prior to filing the complaint, Plaintiff, through counsel, reached out directly to an employee of Starpower to have her name immediately removed Plaintiff from the list which the employee confirmed in writing via email to Counsel.

Be that as it may, there is certainly a question if not a cloud, that surrounds this case as Plaintiff's number was voluntarily added and opted-in to Defendant's marketing list and thereafter not removed by conventional purposes. After what was purportedly a handful of texts, five or less according to Plaintiff's complaint, Plaintiff brings this suit as well as multiple other similar lawsuits including:  Garcia v. Southshore Hyundai, 2:24-cv-01305-NIQA Filed in March of 2024 and Garcia v. Pomenu, 2:24-cv-05962-JS filed November of 2024 as class action complaints limited to Ms. Garcia as the only stated Plaintiff.  Defendant prays the court  that allows the judgment to be vacated so vigorous discovery may be conducted to ascertain the validity of the claims asserted, in what could be a very concerning pattern.

As such bearing in mind the cell phone at issue was added voluntarily to the Starpower list

and just as easily could have been voluntarily removed, Defendant believes they will have a

meritorious defense at trial for the handful of text messages Plaintiff received.

## II.    LEGAL ARGUMENT

### A. Plaintiff Is Not Prejudiced by Vacating the Default

Prejudice is determined during setting aside of a default judgment when "plaintiff's claim

would be materially impaired because of the loss of evidence, an increased potential for fraud or

collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v.

Friends Rehab. Program*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001) However, "[d]elay in

realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief."

*Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 657 (3d Cir. 1982).

There's no reason to suggest Plaintiffs would suffer any prejudice because of Defendants

conduct as is stated in Plaintiff's most recent discovery motion, Plaintiff laments the fact there

has not been a Rule 26 conference and is eager to conduct discovery.  Defendants delay was in

part due to seeking representation in this manner, and also due to failure receive/recognize the

pleadings after a change of address.

### B. Defendants Have a Meritorious Defense

It is well established that, "[t]he showing of a meritorious defense is accomplished when

allegations of defendant's answer, if established at trial, would constitute a complete defense to

the action." *United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)*.

Defendants need not "prove beyond a shadow of a doubt that [it] will win at trial." *Emcasco*, 834

F.2d at 74. Rather, Plaintiffs must show that its defense is not "facially unmeritorious." *Id.*

(quoting Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1983)).

Nonetheless, it is not enough for a defendant to allege only "simple denials or conclusory

statements." *See* $*55,510.05 in U.S. Currency*, 728 F.2d at 195 is not required to prove its case at

this stage. It must only allege facts that, if later proven, would constitute a defense.

Here, Defendants have pleaded numerous defenses in their proposed Answer to Plaintiffs

Complaint. See Exhibit E. Defendants have also included Breach of Contract and Unjust

Counterclaims against Plaintiffs out of the same transaction and occurrences relating to the

agreement with Plaintiffs.[1] Defendants alleged that it was Plaintiffs who breached the alleged

contract by prematurely terminating their services related to the alleged agreement.

### C.  Defendants Conduct was not Culpable in the Delay

Generally, "[c]ulpable conduct means actions taken willfully or in bad faith." *Gross v.*

*Stereo Component Systems, Inc.*, 700 F. Supp. 2d 123 (E.D. Pa. 1983).  Also, culpable conduct

can be inferred when Defendant(s) exhibits "reckless disregard for repeated communications

from either the plaintiff or the Court." *Kauffman v. Cal Spas*, 37 F. Supp. 2d 402, 405 (E.D. Pa.

1999).  Moreover, "[e]ven where neglect is inexcusable, and where the Court cannot condone a

defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct

warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and

'callous disregard of responsibility." *Griffen v. Alpha Phi Alpha, Inc.,* No. 06-1735, 2006 WL

3302438, at 4 (E.D. Pa. Nov. 9, 2006).

Here, Defendant's conduct does not rise to the level of culpable conduct. At most,

Defendants failure to Answer Plaintiffs Complaints would constitute excusable neglect.

Defendants were diligent and proactive in contacting counsel to seek representation and coverage

---

[1] Defendants hereby incorporates the attached Answer with New Matter and Counterclaim (Exhibit E) herein.

in this matter. Additionally, it is clear Plaintiff's was aware Defendant's place of business was not 8417 Widener Road as even in their discovery Motion (ECF NO.6)  they acknowledge "StarPower, which has substantial resources and owns multiple nightclubs and organizes multiple events in the Philadelphia area, nevertheless has failed to respond to, plead, or otherwise defend in this complaint."  As such due to the old address leading to the delay in receiving the documents, conduct should not be considered as flagrant bad faith.

III.    **CONCLUSION**

For the foregoing reasons**,** Defendant respectfully requests this Honorable Court enter an Order vacating the Default entered in this matter on October 10, 2024.

**Respectfully submitted,**

**DEAN F. OWENS II,  ESQUIRE**

*Attorney for Defendant*

# *EXHIBIT A*

 Gmail

Dean Owens < d f owense

---

# Fwd: Garcia v. Star Power Marketing Group, LLC

StarPower <Events@starpowerevents.com>                                    Tue, Dec 31, 2
To: DFowensesq@gmail.com

--------- Forwarded message ---------
From: Star Power <Events@starpowerevents.com>
Date: Wed, Sep 20, 2024 at 10:26 PM
Subject: Re: Star Power Marketing Group, LLC
To: Andrew Perrong <a@perronglaw.com>
Cc: Anthony Paronich <anthony@paronichlaw.com>

Received and understood. It's database removed from StarPower's

On Sat, Sep 7, 2024 at 7:47 PM Andrew Perrong <a@perronglaw.com> wrote:

Gentlemen:

Please see the attached correspondence and direct all further communicat

--
Thank you kindly
Andrew Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel
Glenside, PA 19038
215-225-5529 (CALL-LA



**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                    Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                            Fax (888) 329-0305

September 7, 2024

*VIA POSTAL MAIL AND EMAIL*

Star Power Marketing Group, LLC
8417 Widener Road
Glenside, PA 19038

Re:     *Rule 408 Communication Regarding TCPA Violations*

Gentlemen:

My client, Weiharik Garcia, has retained me to investigate allegations that you have violated the Telephone Consumer Protection Act. Please direct all further contact in this matter to my attention. We write this correspondence to ascertain why my client received text messages and to give you the opportunity to explain your actions.

In sum, between at least June of 2024 and present, my client received at least five text messages advertising various of your events from the telephone numbers 877-596-1970 and 267-435-7457, including a retox day party and events at the PlayRoom in Philadelphia. These text messages were sent to Ms. Garcia s cellular telephone number 484-838-9266, which is listed on the National Do Not Call Registry.

The aforementioned text messages violated the TCPA because they were sent without consent to Ms. Garcia s number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2). You also do not appear to be registered as telemarketers with the Attorney General of Pennsylvania, thereby violating the Pennsylvania Telemarketer Registration Act. 73 PA. CONS. STAT. § 2243. You are therefore liable to Ms. Garcia for statutory and treble damages. 47 U.S.C. § 227 (c)(5); 73 PA. CONS. STAT. § 201-9.2(a).

You are hereby put on notice to preserve all potentially discoverable information, documents, photographs, videos, audio recordings, and things in relation to this

matter. Preservation means taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of discoverable material, as well as negligent or intentional handling that would make any electronically stored information (ESI) incomplete or inaccessible. This obligation extends both to yourselves and any vendors, third parties, or agents subject to your control.

You should also preserve, and prepare for production, all telephones, telephone systems, servers, computers, tablets, laptops, and mobile devices that may contain potentially relevant ESI for forensic imaging and inspection, including those devices containing logs or correspondences related to this matter. At the same time, you must preserve, and prepare for production, all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things within your possession, custody or control necessary to access, view, and (if necessary) reconstruct discoverable ESI.

If you have any objection to preservation, or if the data has been lost/destroyed, please also let me know as soon as possible.

That being said, and in the interest of avoiding unnecessary litigation, we write to understand what prompted the text messages to my client and ascertain any applicable defenses you may have. Please consider this offer swiftly and carefully, as we will await and consider your response no later than September 21, 2024, before initiating further legal action.

We await your response and reserve all rights with respect to the form, nature, and cause(s) of action, including a class action, my client intends to seek if a complaint is filed.


Very Truly Yours,


Andrew R. Perrong, Esq.


2

# *EXHIBIT B*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WEIHARIK GARCIA,                                :
               **Plaintiff,**                    :        **Civil Action No.** 24-4823
     **v.**                                     :
                                                     :

**STAR POWER MARKETING GROUP LLC**                :
             **Defendant**

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, **STAR POWER MARKETING GROUP LLC** by way of their attorney, Dean F.

Owens II, Esquire, do hereby answer Plaintiff's Complaint/Civil Action as follows:

1. Denied. Denied as a legal conclusion to which no response is required.

2. Denied. Denied as a legal conclusion to which no response is required.

3. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 3 and strict proof is demanded at the time of trial.

4. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 4 and strict proof is demanded at the time of trial.

5. Denied. By way of further answer Defendant was formally headquarted in Glenside Pennsylvania.

6. Admitted.

7. Admitted.

8. Admitted.

9.  Admitted.

10. Admitted.

11. Admitted in part denied in part. It is admitted that the Do not call registry must be honored.  It is denied that is applied where a registrant opts-in to a list and refuses to voluntarily opt-out.

12. Denied. Denied as a legal conclusion to which no response is required.

13. Admitted.

14. Denied. Plaintiff opted in to the database/text list.

15. Denied. Specifically upon information and belief the phone number is a cell phone number.

16. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 16 and strict proof is demanded at the time of trial.

17. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 17 and strict proof is demanded at the time of trial.

18. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 18 and strict proof is demanded at the time of trial.

19. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 19 and strict proof is demanded at the time of trial.

20. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 20 and strict proof is demanded at the time of trial.

21. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 19 and strict proof is demanded at the time of trial. Upon information and belief the number opted in prior to June of 2024.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted in part Denied in part. It is admitted that defendant removed Plaintiff from the database upon request of counsel it is denied that further conversations were held or even attempted by parties after Defendant's prompt response.

28. Admitted in part Denied in part. It is admitted that Plaintiff has provided three text messages in the Complaint. It is denied that there were any calls.

29. Admitted.

30. Denied. Denied as a legal conclusion to which no response is required.

31. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 31

and strict proof is demanded at the time of trial. Upon information and belief the
number opted in prior to June of 2024.

32. Denied. After reasonable investigation, answering defendant is without knowledge or
information to form a belief as to the truth of any factual averments of paragraph 19
and strict proof is demanded at the time of trial. Upon information and belief, the
number opted in prior to June of 2024.

33. Denied. After reasonable investigation, answering defendant is without knowledge or
information to form a belief as to the truth of any factual averments of paragraph 19
and strict proof is demanded at the time of trial. Upon information and belief, the
number opted in to the database prior to June of 2024.

34. Denied. After reasonable investigation, answering defendant is without knowledge or
information to form a belief as to the truth of any factual averments of paragraph 19
and strict proof is demanded at the time of trial. Upon information and belief the
number opted in prior to June of 2024.

35. Denied. After reasonable investigation, answering defendant is without knowledge or
information to form a belief as to the truth of any factual averments of paragraph 19
and strict proof is demanded at the time of trial. Upon information and belief the
number opted in prior to June of 2024.

36. Defendant incorporates by reference all prior responses as if fully stated herein.

37. Denied. Denied as a legal conclusion to which no response is required.

38. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

39. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

40. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

41. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

42. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

43. Denied. By way of further answer, it is denied that there could be a class of persons aggrieved under the TCPA after voluntarily "opting in" to a text database with option of removing themselves by texting stop.

44. Defendant incorporates by reference all prior responses as if fully stated herein.

45. Denied. Denied as a legal conclusion to which no response is required.

46. Denied. Denied as a legal conclusion to which no response is required.

47. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 47 and strict proof is demanded at the time of trial.

48. Denied. Denied as a legal conclusion to which no response is required.

49. Denied. Denied as a legal conclusion to which no response is required.

50. Defendant incorporates by reference all prior responses as if fully stated herein.

51. Denied. Denied as a legal conclusion to which no response is required.

52. Denied. Denied as a legal conclusion to which no response is required.

53. Denied. After reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 53 and strict proof is demanded at the time of trial.

      **WHEREFORE**, Defendant demands judgment in their favor against plaintiff.


_____

**DEAN F. OWENS II,  ESQUIRE**

# *EXHIBIT C*

", &/.)(+ #+O'*,-' %"I /ı", /fifl''' $flŁ''fl/!'2!,2'#'$,$'''''/"

### AFFIDAVIT of THOMAS DEIOERE

omas Deio e e affi m t at t e info ma
is t ue and co ect is affi mation is mac
elating to uns on falsification of aut o i

1    omas Deio am a managing mem e of ta
     g ou C founded and o gani ed in 2C

2    s a ma eting co m a t ne t em euss seagoing se
     availa le to customes t at ave egis
     events t oug t e u case of a tic et

3    e-ion ocess fo ta Po e a etin
     com liance it a lica le las and e
     ma eting including use o esci n ti ca d l
     customes ae euied to ovide e l
     messages ic ma e ot asit noe deu tss igon u g
     o teting a designated e od su
     num e -i non u oset s eac teiiovne ne cso anfgei dme ta
     t e of messages t e can e ect t e
     t at standad message and data ates r
     info ms eci ients of t ei ig t to c
     od P

4    ould a use c oose to o t out e
     immediatel ocesses t e euest and
     stating t at no fut e messages ill
     dditionall use s ca nvee ats sisi ta nce o
     info mation a out t e se vice is
     t ans a enc ovide an eas mec anis
     efe ences and maintain full com lia
     standads



.. .' '. ' ' '',

