IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| *Plaintiff(s)* | : | |
| | : | |
| v. | : | **CIVIL NO.** |
| | : | |
| | : | |
| *Defendant(s)* | : | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I.   Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

  If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

Date parties held the Rule 26(f) Conference:

Please check off all that apply:

[ ]   Jury Trial Requested      [ ]   Non-Jury Trial Requested

[ ]   Magistrate referral requested      [ ]   Arbitration

1

II.     **Discussion of Claims, Defenses, Relevant Issues, and Likely Motions**

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

    **A. Jurisdiction and Venue**

Basis of jurisdiction:

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

    **B. Claims**

    **C. Relief Requested and Amount in Controversy**

    **D. Defenses**

    **E. Amending Pleadings**

Do the parties need a deadline to amend pleadings to add claims or additional parties?

    If so, propose the earliest practicable filing date.

    **F. Anticipated Motions**

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

Proposed timeline for filing dispositive motions:

III. **Discovery**

    A. **Informal Disclosure**

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

    If not, list what is outstanding, and explain why:

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

    B. **Formal Discovery**

The parties anticipate that discovery should be completed within _____ days of the Rule 16 Conference.

    If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why:

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions?

    If so, please propose deadlines for phases and what will be due at each phase:

Does either side anticipate the use of experts?

    If yes, what is the proposed deadline for expert discovery?[1]

    Do the parties expect that they will need to depose any expert witnesses?

    Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why:

---

[1] Note that Judge Scott's policies and procedures require that parties file all expert reports and CVs at least seven (7) days before a final pretrial conference.

Note that Judge Scott expects that the parties will reach an agreement on how to conduct electronic discovery. If the parties cannot reach an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at Judge Scott's Judge's Info webpage (link). The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference, and parties must come to the Rule 16 conference prepared to address e-discovery.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:
- claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- limitations on discovery or protective orders needed; and
- any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

### IV.    Settlement or Early Resolution

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?[2]

Is a settlement conference likely to be helpful?

### V.    Trial Date

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

---

[2] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals filed directly with the Court of Appeals.

**VI.     Other Matters**

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

　　　　　　　　　　　　　　　　　　　　/s/ Andrew Roman Perrong
　　　　　　　　　　　　　　　　　　　　(Attorney Signature)

　　　　　　　　　　　　　　　　　　　　/s/ Dean Owens
　　　　　　　　　　　　　　　　　　　　(Attorney Signature)