IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEIHARIK GARCIA, individually and on behalf of all others similarly situated,** | **Case No. 24-4823** |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **STAR POWER MARKETING GROUP, LLC,** | |
| *Defendant.* | |

**DECLARATION OF ANDREW PERRONG IN
SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

I, Andrew R. Perrong, declare under penalty of perjury:

1.    I make this declaration in support of Plaintiff's Renewed Motion for Class Certification. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.    I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania and the State of Oregon, I am over 18 years of age, and I am competent to testify and make this declaration on personal knowledge. I have extensive experience in the prosecution of class actions on behalf of consumers, particularly claims under the TCPA.

3.    Prior to law school, I was a named plaintiff in TCPA class actions, including two class actions that resulted in certified classwide settlements, *Perrong v. Orbit Energy & Power* and *Perrong v. Frontier Utilities*.

4.    I am a 2023 graduate of Temple University Law School, having graduated at the top of my class. I was admitted to the Bar of Pennsylvania in 2023 and of Oregon in 2024.

Since then, I have been admitted to practice before multiple federal district courts, including the Eastern and Middle Districts of Pennsylvania, the District of Oregon, all federal courts in Texas, and the Northern District of Illinois. I have also been admitted to practice before the Second and Third Circuit Courts of Appeals, before which I have successfully defended appeals in TCPA class actions. From time to time, I have appeared in other State and Federal District Courts pro hac vice. I am in good standing in every court to which I am admitted to practice.

5.    In 2023, I started Perrong Law, LLC, focused on protecting consumers in class action lawsuits.

6.    I have been appointed class counsel in *Aley v. LightFire Partners, LLC*, No. 5:22-cv-00330 (AMN/TWD) (N.D.N.Y.), a certified TCPA class action in which I was also counsel on the brief in successfully defeating the defendant's petition for interlocutory appeal.

7.    I was also appointed class counsel in the certified class action of *Ryan v. Wilshire Law Firm, P.L.C.*, No. 2025-022621-CA-01 (Fla. 11th Jud. Cir., Miami-Dade Cnty.), which was granted final approval on May 28, 2026.

8.    My appointment as class counsel is also currently pending in *Bond v. Folsom Insurance Agency LLC*, No. 3:24-cv-02551-L (N.D. Tex.).

9.    I have also been co-counsel in other class action cases that resulted in settlements for the classes in other jurisdictions.

10.  Neither I nor my firm has any known conflict with the proposed Classes, and I am aware of no interest of mine, or of Ms. Garcia's, that is adverse to any class member. I have advanced, and will continue to advance, the costs of this action, including the costs of any notice to the Classes.

11.  I have extensive experience using the statistical analysis software SPSS to conduct

data analysis.

12.   Originally released by IBM in 1968, SPSS is a widely-used and powerful software program for running multivariate statistical analysis. It is used especially in the social sciences and in advertising and marketing, and is relied upon by multiple government agencies, and is well received in those industries because it is simple, powerful, and accurate.

13.   Perrong Law LLC maintains access to the National Do Not Call Registry through Subscription Account Number 1040XXXX-50XXXX-24.

14.   In its Initial Disclosures, Defendant identified SlickText as the third-party marketing company "providing the text services" at issue.

15.   I caused a subpoena under Rule 45 to be served on SlickText, LLC. Among other things, the subpoena requested all records of text messages sent through Defendant's account.

16.   SlickText produced documents in response to the subpoena. The production consists of multiple comma-separated values files reflecting text messages sent from Defendant's SlickText account to recipients.

17.   I have reviewed the entirety of that production. The records contain six data fields, and only six. They are: "to," "from," "body," "media," "sent," and "delivered."

18.   There is no field in the records reflecting consent, opt-in, opt-in source, opt-in date, opt-in method, keyword, short code reply, IP address, web form, or any other indicator that any recipient agreed to receive text messages from Defendant. No information of that kind appears anywhere in the production.

19.   SlickText produced no consent or opt-in records of any kind in response to the subpoena.

20.    The records are uniform in structure. Every message in the production is recorded in the same six fields, and the analysis required to identify each recipient is identical for every recipient.

21.    The "body" field reflects that the messages were materially identical marketing messages advertising events associated with Defendant.

22.    Every class member, including Ms. Garcia, is identified by telephone number in the "to" field of these records, and every message to every class member is identified by date and time in the "delivered" field. No information outside these records is required to determine who received a message from Defendant, or when, what the message contained, or whether it was successfully delivered.

23.    As part of this litigation and for the purposes of class certification, I analyzed the data SlickText produced in response to the third-party subpoena for the Defendant's texting records to ascertain which numbers, if any, were listed on the National Do Not Call Registry, and to ascertain which numbers, if any, bore Pennsylvania area codes.

24.    I understand that these files include a list of individuals whom Defendant contacted via telemarketing text message between approximately January 2024 to present.

25.    After conducting this analysis using SPSS, I was able to ascertain that 2,892 telephone numbers, including the Plaintiff's, were sent text messages despite their numbers being on the National Do Not Call Registry at the time of analysis.

26.    I was also able to ascertain that 6,675 telephone numbers, including the Plaintiff's, were sent text messages, while having Pennsylvania area codes, as follows:

   i.    3,462 numbers in area code 267

   ii.    2,183 numbers in area code 215

*iii.* 434 numbers in area code 484, including Plaintiff

*iv.* 378 numbers in area code 610

*v.* 81 numbers in area code 717

*vi.* 49 numbers in area code 570

*vii.* 44 numbers in area code 445

*viii.* 23 numbers in area code 412

*ix.* 9 numbers in area code 814

*x.* 8 numbers in area code 724

*xi.* 2 numbers in area code 223

*xii.* 1 number each in area codes 272 and 835.

27.    I maintain a copy of these records and my analysis and am prepared to present them to the Court upon request.

28.    Plaintiff further intends to designate a summary witness at trial to testify to the summary of this data, as permitted under Rules 1006 and 701 of the Federal Rules of Evidence.

29.    Although technically-oriented, this compilation and summarization of data does not require scientific, technical, or otherwise specialized knowledge. Any individual possessing an adequate knowledge of computing, together with the appropriate data and tools, can conduct this summary, including a summary at trial.

30.    On February 11, 2025, I served Plaintiff's First Set of Discovery on Defendant, consisting of eleven interrogatories, seventeen requests for production, and fifteen requests for admission. A true and correct copy is attached as an exhibit to the Motion. Service was made electronically on counsel for Defendant at dfowensesq@gmail.com, edonnelly@killinofirm.com, and sweitzel@killinofirm.com, as reflected in the certificate of

- 5 -

service.

31.    Interrogatory No. 6 asked Defendant, if it contended that Plaintiff provided consent to receive solicitation telephone calls, to state all facts in support of that contention and to identify the date or dates on which, and the means by which, it contended consent was obtained.

32.    Defendant has never served an answer to Interrogatory No. 6, or to any other interrogatory in this case.

33.    Request for Production No. 15 sought all documents relating to Defendant's policies for compliance with the TCPA and the FCC's implementing regulations, expressly including policies related to obtaining or verifying prior express consent. Request for Production No. 2 sought all documents supporting or contradicting any affirmative defense. Request for Production No. 3 sought all documents relating to Plaintiff, including all documents evidencing Defendant's relationship with Plaintiff.

34.    Defendant has never served a written response to any request for production in this case, and has never produced a single page of documents.

35.    Defendant served responses to Plaintiff's requests for admission, and nothing else, on April 9, 2025. A true and correct copy is attached as an exhibit to the Motion. The thirty-day period following service of those requests had long expired.

36.    Defendant never requested an extension of time to respond to any of this discovery, and I never agreed to one. Defendant has never moved for leave to withdraw or amend any response to a request for admission.

37.    In its response to Request for Admission No. 12, Defendant explicitly admitted that it does not maintain an FTC Subscription Account Number.

38. In its response to Request for Admission No. 3, Defendant admitted that correspondence was received from Plaintiff's counsel shortly before suit was commenced, and stated that Plaintiff "was swiftly removed from the database upon [her] request."

39. In its response to Request for Admission No. 10, Defendant stated that its do-not-call policy "is accessible online and available to any party that opts in to the database." Defendant has never produced that policy, and has never identified where it is accessible.

40. In its Initial Disclosures, Defendant identified no documents in its own possession bearing on this case. In response to the requirement that it disclose the documents supporting its position, Defendant stated only that "[u]pon information and belief, Plaintiffs have subpoenaed the relevant docuemnts from Slick Text which would support the claim."

41. In the damages section of its Initial Disclosures, Defendant stated its position "that Plaintiff opted in to receive messages or in the alternative a prior owner of the phone number opted-in, thus electing to receive the messages." Defendant has never identified which of those two alternatives it contends occurred, has never identified a date or method for either, and has never produced any document supporting either.

42. Fact discovery in this matter has closed. As of the date of this declaration, Defendant has never produced any document, record, screenshot, log, database entry, or writing of any kind evidencing consent by Ms. Garcia or by any other recipient of its text messages.

43. I also understand that, in its answer to the Complaint, the Defendant has admitted that it is not registered as a telemarketer with the Pennsylvania Attorney General, as required by law.

44. Before this action was filed, I sent an email to Star Power at stating that Ms. Garcia's telephone number was on the National Do Not Call Registry and asking whether Star

Power contended that it had her consent to send her text messages.

45.   Star Power responded by email, stating in full: "Received and understood. It's been removed from StarPower's database."

46.   Neither that response nor any later communication from Defendant or its counsel asserted that Ms. Garcia had consented, identified any source from which her telephone number was obtained, or attached or offered any record of consent.

47.   A true and correct copy of that correspondence is attached as an exhibit to the Motion.

48.   Ms. Garcia executed her declaration in support of the original Motion for Class Certification by electronic signature. Due to a clerical error, the unsigned version that declaration, rather than the executed version, was attached to the original Motion for Class Certification. The error was mine, and not Ms. Garcia's.

49.   Ms. Garcia has executed a further declaration in this matter, which is filed herewith.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED THIS 24th DAY OF JULY 2026

IN THE UNITED STATES OF AMERICA.

_____
Andrew R. Perrong